UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cr-127-MOC-DCK-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| CYNTHIA WILLIAMS-SINGLETON, | ) | |
| Defendant. | ) | |

**THIS MATTER** comes before the Court on Defendant's "Motion for Compassionate Release/Reduction of Sentence." (Doc. No. 62). Title 18, Section 3582(c)(1)(A)(i) authorizes criminal defendants to request compassionate release from imprisonment based on "extraordinary and compelling reasons." But before doing so, they must at least ask the Bureau of Prisons to do so on their behalf and give the Bureau thirty days to respond. See United States v. Raia, No. 20-1033, 2020 WL 1647922, at *1 (3d Cir. Apr. 2, 2020). Here, as the Government asserts in its brief in opposition, Defendant did not exhaust her administrative remedies before filing the pending motion.[1] Because Defendant has not exhausted available administrative remedies, the Court denies Defendant's motion.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se "Motion for Compassionate

---

[1] The statutory exhaustion requirement is a mandatory, non-jurisdictional claims-processing rule. See United States v. Williams, 829 F. App'x 138, 140 (7th Cir. 2020); United States v. Franco, 973 F.3d 465, 468 (5th Cir. 2020); United States v. Springer, 820 F. App'x 788, 791–92 (10th Cir. 2020); United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020); Raia, 954 F.3d at 597. The Court notes here that Defendant filed her motion, through counsel, before she was even in BOP custody.

Release/Reduction of Sentence," (Doc. No. 62), is **DENIED**, without prejudice to Defendant to refile the motion after she has exhausted her remedies with the BOP.

Signed: March 17, 2021

Max O. Cogburn Jr
United States District Judge